CROMPTON & KNOWLES LOOM WORKS, a Corporation, Respondent, v. JOSEPH HOMSY, Appellant, Impleaded with HABIB HOMSY, Defendant.

First Department, March 2, 1923.

**Sales — action by seller for breach of contract for manufacture and sale of looms — order and alleged acceptance did not show meeting of minds — defendant entitled to judgment upon pleadings on ground that complaint does not state cause of action.**

A contract for the manufacture and sale of looms is not shown by an order for 100 looms to be shipped by freight "as soon as possible" the price to be "Open Terms net cash 30 days," and an alleged acceptance which made a counter proposition to furnish 100 looms "at an approximate price of $518.00 each, f. o. b. Worcester, Mass.," upon "Terms: Net cash thirty days from date of shipment," and stating that the looms were scheduled for shipment in September and October, 1921, the order having been given in November, 1919, and which, after setting forth other conditions, stated that a formal contract would be forwarded in due season for the signature of the buyer in which would be embodied the specifications for the looms and the terms of sale. Under the circumstances, there was not a meeting of the minds of the parties.

Accordingly, in an action to recover damages for breach of contract on the part of the buyer based on the order and the alleged acceptance, the defendant is entitled to a judgment upon the pleadings on the ground that the complaint does not state facts sufficient to constitute a cause of action.

APPEAL by the defendant, Joseph Homsy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of January, 1923, denying his motion for judgment on the pleadings made on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*Samuel J. Siegel,* for the appellant.

*Porter & Taylor* [*Thomas D. Osbourne* of counsel], for the respondent.

MERRELL, J.:

The amended complaint alleges that the two defendants are copartners in business. But one of the said defendants was served with process herein. The other defendant has not been served, nor has he appeared in the action. The complaint alleges that on or about November 21, 1919, the plaintiff, a foreign corporation organized and existing under the laws of the State of Massachusetts, entered into a contract with the defendants whereby the plaintiff agreed to manufacture and sell to the defendants, and the defendants agreed to take and purchase from the plaintiff, one hundred Knowles Dobby Silk Looms at an approximate price of $518 each, F. O. B. Worcester, Mass., to be delivered in or about the months of September and October, 1921, with the condition that the price at which the looms were to be charged would be the price prevailing at Worcester, Mass., at the date of shipment. By the 4th paragraph of the complaint it is alleged: " That the said contract is contained in a written order, dated November 18, 1919, and signed by defendants, and in a letter dated November 21, 1919, from plaintiff to defendants, accepting the said order, copies of which are hereto annexed and marked Exhibits A and B respectively."

The plaintiff further alleges that it undertook the performance of said contract, purchased materials and performed labor for the completion of the said contract, and started the manufacture of said looms; that on or about March 16, 1920, before the looms were completed and before the time for delivery according to the contract, defendants gave notice in writing to the plaintiff to cancel the contract, and that the defendants would not accept delivery of the said looms; and that thereupon plaintiff ceased work on the looms which were then in the process of manufacture. Plaintiff further alleges readiness and willingness at all times to perform its part of said contract; that it would have duly carried out its terms, except that it was prevented from so doing because of the refusal of the defendants to perform their obligations under the contract; that up to and including the said 16th day of March, 1920, when it is alleged the defendants notified the plaintiff that they canceled the said contract, the cost to plaintiff for material used and labor performed in the manufacture of the said looms was $7,957.29; that said material was of value to plaintiff only as scrap, unless used to complete the looms; that the scrap value of this material on March 16, 1920, was $1,200.77, and that by reason of the foregoing plaintiff was damaged in the sum of $6,756.52, which sum the defendants refused to pay, although the same was duly demanded by the plaintiff. Judgment is demanded in plaintiff's complaint against the defend-

ants for the sum of $6,756.52, with interest from March 16, 1920, besides the costs and disbursements of the action.

Annexed to the complaint are copies of the two documents alleged by plaintiff as constituting its said contract with the defendants. The first of these documents is in the form of an order under date of November 18, 1919, for 100 Knowles looms to be shipped by freight " as soon as possible," the " Price " stated being " Open Terms net cash 30 days." The remainder of the order consists of specifications for the building of the looms ordered. This order was signed by the defendants' firm name, " H. & J. Homsy."

Exhibit B annexed to the complaint, which plaintiff claims constituted its acceptance of said contract, was in the following form:

" CROMPTON & KNOWLES LOOM WORKS

" WORCESTER, MASS. *Nov.* 21, 1919.

" H. & J. HOMSY,
  " 119–121 West 23rd St.,
    New York City:
   " I. H. V.

" GENTLEMEN.— Under date of November 19th our Paterson office has asked us to enter your order for 50 right and 50 left hand, 52″ between swords, 16 harness, 2 x 1 box Knowles Dobby Silk Looms at an approximate price of $518.00 each f. o. b. Worcester, Mass.

" Terms: Net cash thirty days from date of shipment.

" We have scheduled these looms for shipment in September and October, 1921.

" It is understood and agreed:

" 1: That the order is not subject to cancellation.

" 2: That the price at which the looms will be charged will be the price which prevails here on looms of this type at date of shipment.

" 3: That it is impossible to determine so far in advance how near we can come to shipping the looms as they are scheduled. We will do the very best we can under the circumstances.

" 4: That this contract is not assignable.

" We thank you very much indeed for giving us this business under these unusual conditions and will forward formal contract in due season for your signature in which will be embodied the specifications for the looms and the terms.

" Yours very truly,

" CROMPTON & KNOWLES LOOM WORKS,

" IRVING H. VERRY,

" CC pat.              *Vice-President.*

"AB            By G. F. WHITNEY."

As before stated, the allegation of plaintiff's complaint is that the contract upon which it sues to recover was " contained in " the said order and the acknowledgment thereof, signed by the plaintiff, above quoted.

The defendant Joseph Homsy, who was served with the summons herein, answered in the action denying substantially all of the allegations of the complaint. Upon the pleadings the said defendant moved for judgment under rule 112 of the Rules of Civil Practice, on the ground that the said complaint herein did not state facts sufficient to constitute a cause of action. Upon said motion the defendant claimed, *first,* that the allegations of the complaint did not show that there was any meeting of the minds of the parties, and that no contract was ever entered into between them; and, *second,* that inasmuch as the looms mentioned were not delivered to the defendants, and, as alleged in the complaint, the defendants repudiated the contract therefor and had committed a material breach thereof, the plaintiff was required to give notice to the defendants of its election to rescind the contract, before bringing action to recover damages for such breach, in accordance with the provisions of section 146 of the Personal Property Law. Upon both of these propositions the court at Special Term held with the plaintiff, that there was a meeting of the minds of the parties, and that they entered into an enforcible contract, and that section 146 of the Personal Property Law (as added by Laws of 1911, chap. 571) did not apply.

We cannot agree with the learned court at Special Term that there was a meeting of the minds of the parties, as evidenced by the two written documents which the plaintiff alleges comprised the contract. The order signed by defendants was for 100 looms to be shipped by freight as soon as possible upon " *Open Terms net cash 30 days.*" There was never any acceptance of such order by the plaintiff. On the contrary, the plaintiff, as shown by its letter to the defendants of November 21, 1919, made a counter proposition to furnish the 100 looms " at an approximate price of $518.00 each f. o. b. Worcester, Mass.," upon " Terms: Net cash thirty days from date of shipment," and stating therein that the looms were scheduled for shipment in September and October, 1921, upon the following conditions:

1. That the order should not be subject to cancellation.

2. That the price at which the looms were to be sold would be the price prevailing at Worcester on looms of the type ordered at date of shipment.

3. That it was impossible to determine so far in advance how near the plaintiff could come to shipping the looms as they were scheduled.

4. That the contract was not assignable.

So far as appears, none of these conditions was ever accepted by the defendants. The offer of the plaintiff to furnish the looms " at an approximate price of $518.00 each f. o. b. Worcester, Mass.," was never accepted by defendants. The defendants never agreed to the terms upon which plaintiff proposed to furnish the looms; nor did they ever signify that the qualified proposal of the plaintiff to ship the looms in September and October, 1921, met the requirement contained in their order that the looms were " wanted as soon as possible." And, as clearly indicating that there was no final meeting of the minds of the parties, plaintiff concludes its alleged acceptance of defendants' order with the statement: " We thank you very much indeed for giving us this business under these unusual conditions *and will forward formal contract in due season for your signature in which will be embodied the specifications for the looms and the terms.*" (Italics are the writer's.)

By this concluding statement of plaintiff's letter it clearly appears that there was something to be done, namely, the submission of a formal contract for defendants' signature, which would embody the specifications for the looms and the terms upon which they were sold. What were these terms? It nowhere appears that the defendants ever accepted the provisions of this counter offer made by the plaintiff, nor that defendants acquiesced in the conditions therein contained and which were at such variance with the order of the defendants. In the absence of any acceptance of plaintiff's offer or any formal contract which became a finality between the parties, we are unable to conclude that there was any meeting of the minds of the parties, and that, therefore, there was no valid or enforcible contract alleged in the complaint.

Having reached such conclusion, it is unnecessary for us to consider the second ground upon which appellant assails the complaint for insufficiency.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion of the defendant, appellant, for judgment herein against the plaintiff upon the pleadings granted, with ten dollars costs, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

CLARKE, P. J., DOWLING, PAGE and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.